UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

SUKEUNG KIM,                                                    Civil Case No. _____

            Plaintiff,

                                                                        **NOTICE OF REMOVAL**

    -*against*-

ASIANA AIRLINES, INC., HYUNG MAN CHOI,
*Individually*, and AMY SOE, *Individually*,

            Defendants.

------------------------------------------------------------------ X

TO:    UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF NEW YORK:

        Pursuant to 28 U.S.C. § 1441, *et seq*., defendants Asiana Airlines, Inc., Hyung Man Choi, and Amy Soe, hereby removes the state court action, *Sukeung Kim v. Asiana Airlines, Inc., Hyung Man Choi, and Amy Soe*, Index Number 707420/19, Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York. Removal is warranted under 28 U.S.C. § 1441(a) because Plaintiff's Complaint asserts claims arising under federal law over which this Court has original jurisdiction pursuant to 20 U.S.C. § 1331. Additionally, Plaintiff's related state and common law claims arise from the same case or controversy as Plaintiff's federal law claim(s) and are therefore subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

        In support of this notice and grounds for removal, Defendant states as follows:

            1.       The Complaint in this action was served upon Defendant on or about May 6, 2019.

1

2. A copy of the Complaint is attached hereto as **Exhibit A**. In accordance with 28 U.S.C. § 1446(a), Plaintiff's Affidavit of Service upon Asiana Airlines is attached hereto as **Exhibit B**, respectively, as well as a complete state court docket history attached hereto as **Exhibit C**. The aforementioned constitute all of the process, pleadings, and orders served on Defendant prior to its removal of this action.

3. In the Complaint, Plaintiff alleges claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Executive Law ("NYSEL") and the New York City Administrative Code ("NYCAC"). *See,* Ex. A.

## I. Jurisdictional Basis for Removal – Federal Question

4. Under the Federal Rules of Civil Procedure, 28 U.S.C. § 1331, this Court has original jurisdiction over all claims arising under the laws of the United States.

5. Here, Plaintiff's claims of employment discrimination and retaliation under Title VII constitute claims being brought under the laws of the United States.

6. Accordingly, this action presents claims arising under the laws of the United States, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

## II. Supplemental Jurisdiction over Plaintiff's Additional Claims – Same Case or Controversy

7. In addition to jurisdiction over any of Plaintiff's claims under federal law, this Court has supplemental jurisdiction over any of Plaintiff's related

state and common law claims. Specifically, 28 U.S.C. § 1367 confers jurisdiction to this Court over all claims which form part of the same case or controversy as the claim(s) over which the Court has original jurisdiction.

8. Plaintiff's employment discrimination and retaliation claims under Title VII, the NYSEL, and the NYCAC clearly stem directly from the same common set of alleged facts and circumstances.

### III. Removal to this Court is Otherwise Proper

9. This notice is being filed within 30 days of service upon Defendant, and thus is timely under 28 U.S.C. § 1446(b).

10. The United States District Court for the Eastern District of New York embraces the county in which the state court action is now pending, and thus this Court is the proper venue for this action.

11. In accordance with 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the Supreme Court of the State of New York, County of Queens, and a Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff.

12. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter including, without limitation, the defenses of: 1) lack of jurisdiction over the person, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service

of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, 7) statute of limitations, 8) laches, or 7) any other procedural or substantive defense available under state or federal law.

**WHEREFORE,** Defendant respectfully removes this action from the Supreme Court of the State of New York, County of Queens, to this Court, pursuant to 28 U.S.C. § 1441.

Dated:   New York, New York
         May 24, 2019

> GORDON REES SCULLY MANSUKHANI, LLP
>
> BY: /s/ *Mercedes Colwin*
> Mercedes Colwin
> Jeffrey Camhi
> One Battery Park Plaza, 28th Floor
> New York, NY 10004
> (212) 269-5500
> *Attorneys for Defendants, Asiana Airlines, Inc., Hyung Man Choi, and Amy Soe*,

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing Notice of Removal, with exhibits, together with the Notice to Plaintiff of Filing of Notice of Removal, was sent via electronic mail on the 24th day of May 2019 to:

>Jessica Massimi, Esq.
>45 Broadway, Suite 620
>New York, NY 10006
>jmassimi@tpglaws.com
>*Attorney for Plaintiff*

/s/ *Jeffrey Murphy*
Jeffrey Murphy